UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,    CASE NO. 94-CR-80535
                             HON. LAWRENCE P. ZATKOFF
    Plaintiff - Respondent,

vs.

GUSTAVA JOHN GRAUWICKEL,

    Defendant - Petitioner.
    _____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on May 22, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Defendant's Application for Safety Valve Exception pursuant to (Docket #11). The Government has not filed a response. The facts and legal arguments are adequately set forth in the brief submitted. Therefore, finding that the determination of the issues will not be aided by oral argument, and pursuant to E.D. Mich. Local R. 7.1(e), this Court ORDERS that the above Application be decided upon the brief submitted, without this Court entertaining oral arguments. For the reasons that follow, Defendant's Application is DENIED.

### II. BACKGROUND

On June 29, 2004, Defendant pled guilty to the sole charge against him - Conspiracy to Distribute Cocaine, pursuant to 21 U.S.C. § 841(b)(1). At that time, a conviction of that offense carried a 10 year mandatory minimum sentence. By the time Defendant was sentenced on September 27, 1994, however, Congress had enacted the Violent Crime Control and Law Enforcement Act of 1994, and the Sentencing Commission issued amended guidelines and policy

statements accordingly. One of the new Guideline provisions was Section 5C1.2, which provided that if a defendant charged under 21 U.S.C. § 841 could satisfy the criteria in new 18 U.S.C. § 3553(f), the defendant could be sentenced under the applicable guideline range, without regard to the statutory mandatory minimum. In the case of Defendant, who satisfied the criteria under Section 3553(f), a Guideline range of 87 to 108 months was calculated based on his Total Offense Level of 29 and Criminal History Category I. On September 27, 1994, the Court sentenced Defendant to a term of 87 months. Neither party appealed the sentence.

On the basis of the foregoing, Defendant's term of imprisonment should have ended in 2001. On March 22, 1996, however, the Court received a letter from the Warden of the U.S. Penitentiary where Defendant had been designated. The Warden indicated that Defendant was placed on escape status on March 12, 1996. The Court received no future information regarding the escape or recapture of Defendant until receiving Defendant's current Application in November 2005. Defendant now asks the Court to, in its discretion, reduce his Total Offense Level to 27 because of Guideline §2D1.1(b), effective November 1, 2005. As a result, Defendant asserts that his Guideline range would be 70-87 months and that if the Court again sentenced him at the low end of the Guideline range, his sentence would now be only 70 months.

### III. ANALYSIS

The Court does not address the merits of Defendant's legal arguments or conclusions that (1) Section 2D1.1(b) of the Guidelines is applicable in addition to Guideline § 5C1.2, or (2) Section 2.D.1.1(b) applies in Defendant's case. Nor does the Court address whether Defendant's Application is time-barred. Rather, the Court shall assume, for purposes of Defendant's Application, that his legal arguments and conclusions are accurate and that the Application is timely. The Court does so because, as Defendant acknowledges, a court has great discretion in considering a motion under 18 U.S.C. § 3582(c)(2) (which is what Defendant's Application is).

In this Court's discretion, Defendant's application is DENIED. First, even if the Guideline

range were recalculated, Defendant's Guideline range would be 70-87 months. As such, his current sentence is within the range. Second, Defendant was sentenced to a term of 87 months in 1994. By all accounts, he was eligible for release over four years ago if he had served his term. Third, Defendant did not serve his term. Instead, Defendant elected to escape from his custodial facility (or not return as required) less than two years into his sentence. Based on the fact that he is seeking a reduction in his prison term now, he must have been out of prison for a number of years. Such behavior does not warrant additional compassion from this Court (who sentenced Defendant at the bottom of the Guideline range previously).

### IV.  CONCLUSION

Accordingly, and for the reasons set forth above, Defendant's Application for the Safety Valve Exception is DENIED.

IT IS SO ORDERED.

                                            s/Lawrence P. Zatkoff
                                            LAWRENCE P. ZATKOFF
                                            UNITED STATES DISTRICT JUDGE

Dated:  May 22, 2006

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 22, 2006.

                                            s/Marie E. Verlinde
                                            Case Manager
                                            (810) 984-3290